UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRETT A. JOHNSON,<br><br>      Plaintiff,<br><br>  vs.<br><br>MIKE LEIDHOLT, Secretary of Corrections, in his individual and official capacity, DARIN YOUNG, Chief Warden, South Dakota Penitentiary System, in his individual and official capacity, BRENT FLUKE, Warden, Mike Durfee State Prison, in his individual and official capacity, and TAMMY DOYLE, Unit Manager, Barracks, in her individual and official capacity,<br><br>      Defendants. | 4:20-CV-04012-KES<br><br><br>1915A SCREENING ORDER DIRECTING SERVICE AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff, Brett A. Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Johnson paid the full filing fee on January 21, 2020. He also moves for appointment of counsel. Docket 2.

## I. 1915A Screening

### A. Factual Background

The facts alleged in Johnson's complaint (Docket 1) are: that he lives in the Barracks at the Mike Durfee State Prison ("MDSP"). Docket 1 at 4. Johnson believes that the "inadequate ventilation and lack of air conditioning combined with the humidity from the showers has led to dangerous heat indexes and

unsafe living conditions." *Id.* Because of these living conditions, Johnson suffers from migraines, extreme heat rash, "mental anguish, and misery." *Id.* Johnson seeks monetary damages of 1.1 million dollars and the installation of air conditioning. *Id.* at 7.

### B.     Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v.*

*Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1.**    **Official Capacity Claims**

Johnson sues defendants in their individual and official capacities. Docket 1 at 2. Each defendant is employed by the South Dakota Department of Corrections. *Id.* "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* But when an official capacity claim is asserted for injunctive relief against a state

officer, the defense of qualified immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43 (2009).

Here, Johnson requests that defendants in their official capacities install air conditioning and seeks monetary damages of 1.1 million dollars. Docket 1 at 7. The state of South Dakota has not waived its sovereign immunity. Thus, to the extent Johnson seeks to hold defendants liable in their official capacities for money damages, the court finds that all of the defendants are protected by sovereign immunity and are entitled to judgment as a matter of law. Johnson's claim against defendants in their official capacities for money damages is dismissed, but his claim against defendants in their official capacities for injunctive relief survives § 1915A screening.

### 2. Individual Capacity Claims

Johnson claims that his Eighth Amendment right to be free from cruel and unusual punishment is being violated because MDSP has inadequate ventilation combined with the lack of air conditioning. Docket 1 at 4. "[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.' " *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 83 (1994)). The Supreme Court has clarified that only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of a Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation omitted). The Supreme Court has listed as basic human needs "food, clothing, shelter, medical care and reasonable safety."

4

32 (1993) (internal quotation omitted). In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir.2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998). An Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances. *Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981). Even if no single condition would be unconstitutional in itself, the cumulative effect of prison conditions may subject inmates to cruel and unusual punishment. *Id.*; *see also Tyler v. Black*, 865 F.2d 181, 183 (8th Cir. 1989).

    Here, Johnson claims that the ventilation is "inadequate" and the barracks are subjected to "dangerous heat indexes[.]" Docket 1 at 4. Johnson alleges that he suffers from migraines, extreme heat rash, and mental anguish. *Id.* Johnson claims that defendants were "willfully negligen[t]" to the living conditions. *Id.* at 2. He also claims that he has submitted grievances about the heat and ventilation issues and has exhausted his administrative remedies. *Id.* at 4. At the screening stage, filing a grievance may demonstrate that defendants knew of and disregarded the allegedly unconstitutional conditions. Johnson's Eighth Amendment claims against defendants are sufficiently pleaded to survive initial review under 28 U.S.C. § 1915A.

## II.     Motion for Appointment of Counsel

Johnson moves for appointment of counsel. Docket 2. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." When determining whether to appoint counsel to a pro se litigant, the Eighth Circuit considers "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (holding that the district court erred when it denied the plaintiff's motion for counsel solely because the plaintiff did not raise factually complex issues)). Here, Johnson's claims do not appear to be factually or legally complex. Because this court believes Johnson can adequately present his claims at this time, his motion for appointment of counsel (Docket 2) is denied.

Thus, it is ORDERED:

1.    That Johnson's motion for appointment of counsel (Docket 2) is denied.

2.    That Johnson's Eighth Amendment claims (inadequate heat and ventilation) against defendants in their official capacities (only for injunctive relief) and in their individual capacities survives §1915A screening. Johnson's claim against defendants in their official

6

        capacities for money damages is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. The Clerk shall send a blank summons form and Marshal Service Form (Form USM-285) to Johnson so that he may cause the complaint to be served upon the defendants.

4. Johnson shall complete and send the Clerk of Courts a separate summons and USM-285 forms for the defendants. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

5. The United States Marshal Service shall serve the completed summonses, together with a copy of Docket 1 and this order, upon defendants.

6. Defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. The clerk of the court is directed to send a copy of this order to the appropriate official at Johnson's institution.

8. Johnson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated May 13, 2020.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE