UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRETT A. JOHNSON,<br><br>                      Plaintiff,<br><br>vs.<br><br>MIKE LEIDHOLT, Secretary of Corrections, in his official capacity, DARIN YOUNG, Chief Warden, SD Penitentiary System, in his official capacity, BRENT FLUKE, Warden, Mike Durfee State Prison, in his official capacity, and TAMMY DOYLE, Unit Manager, Barracks, in her official capacity,<br><br>                      Defendants. | 4:20-CV-04012-KES<br><br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND FOR A PROTECTIVE ORDER AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

Plaintiff, Brett A. Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court held that defendants were entitled to summary judgment, in their individual capacities, based on qualified immunity. Docket 44. Johnson's claims against defendants in their official capacities for injunctive relief are still pending. *Id.* at 13. Now, defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) and move for a protective order. Dockets 46, 48. Johnson moves to compel, to strike, and for an extension. Dockets 52, 58, 61.

## I. Defendants' Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such motions, the court must accept as true the allegations in the complaint and construe the pleadings in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson*, 551 U.S. at 94; (*Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

This court granted defendants' summary judgment that were brought against them in their individual capacities based on qualified immunity. Docket 44. Now, defendants argue that this court's order granting summary judgment supports their motion to dismiss under Rule 12(b)(6). Docket 46. Defendants claim that because the court has ruled that Johnson failed to raise a genuine

issue of material fact that they violated Johnson's constitutional right, Johnson's claim for injunctive relief would be precluded and not survive Rule 12(b)(6) review. *See* Docket 46. But if this court considered its order on summary judgment when addressing defendants' motion to dismiss, it would essentially be ruling on a motion for summary judgment without allowing Johnson to engage in discovery. Johnson is entitled to discovery on his claim for injunctive relief. For these reasons, this court denies defendants' motion to dismiss (Docket 46).

## II.     Defendants' Motion for a Protective Order

Defendants move to stay discovery until their pending motion to dismiss is ruled on. Docket 48. Because this court has denied their motion to dismiss, their motion for a protective order (Docket 48) is denied as moot.

## III.    Johnson's Motion to Compel Discovery

Johnson moves to compel discovery and for defendants "to produce for inspection and copying the documents requested on July 10, 2020; July 17, 2020; and August 3, 2020." Docket 52. It appears Johnson is referencing discovery requests filed in Dockets 29, 35, 36, and 42.[1]

This court previously ordered that "[d]efendants must respond to Johnson's already served discovery requests within 30 days . . . If [d]efendants fail to respond to Johnson's discovery requests at Dockets 15 and 35 within 30 days, Johnson should file a motion to compel discovery at that time." Docket

---

[1] The dates that Johnson references match the date that he signed the documents in Dockets 29, 35, 36, 42.

3

44 at 12-13. Now, Johnson seeks to compel defendants to respond to his requests made on "July 10, 2020; July 17, 2020; and August 3, 2020 . . . ." Docket 54 at ¶ 1.

At Docket 29, Johnson seeks:

> 1. Any and all grievances, formal or informal; complaints, or other documents received by prison staff at Mike Durfee [S]tate Prison concerning excessive heat, poor ventilation or any other related living conditions in the Barracks, and any memoranda, investigative files, or other documents or electronically stored information created in response to such complaints since January 1, 2007.
>
> 2. Any and all inspections and the conclusion of said inspections by any parties at the local, states, or federal level, including but not limited to building and health inspections since the opening of the Barracks in 2005.
>
> 3. The name of the owner and Company that designed and constructed the Barracks, two names if the building was designed and constructed by two different parties; and any material lists and purchase receipts for the construction of the Barracks.
>
> 4. The name of the owner and company that installed the ventilation and heating units for the Barracks, two names if these items were installed by two different companies and any material lists and purchase receipts for the installation of said items in the Barracks.
>
> 5. Any and all documents pertaining to the receiving and use of state or federal grants for the building of the Barracks, including but not limited to final building inspections made for the allotting of said grants.
>
> 6. The complete medical records or electronically stored information pertaining to the medical records of the Plaintiff from January 1, 2012 to the present.
>
> 7. Any and all medical records of other inmates who suffered heat conditions while living in the Barracks redacting any identifying information of said inmates since 2005.

Docket 29 at 1-2.

Defendants argue that Johnson's discovery requests are "burdensome and oppressive, [and] they seek the production of documents that are well outside the applicable statute of limitations and thus have no relevance whatsoever to the present matter." Docket 55 at 3. Defendants argue that Johnson's requests for the materials of how the building was built and information regarding state/federal grants are not "proportional to the needs of the case." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of Docket 29, this court compels defendants to give Johnson inspections and the conclusions of said inspections by any parties of the Barracks facility regarding heat and ventilation from January 2017 until present, the name of the owner and Company that constructed the Barracks, the name of the owner and company that installed the ventilation and heating units for the Barracks, and Johnson's personal medical records from January 2017 until present.[2] These requests are relevant to Johnson's complaint. The

---

[2] While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous state law statute of limitations to claims made under § 1983. *Wilson v. Garcia,* 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil

5

rest of the information requested in this request is overly burdensome, outside the statute of limitations, or not relevant to Johnson's personal constitutional claim.

Next, Johnson seeks to compel responses to the interrogatories he wrote on July 17, 2020, and August 3, 2020. (Dockets 36, 42). The questions asked may produce relevant evidence and defendants are ordered to respond to Johnson's questions. Defendants mention Johnson's request for photographic evidence (Docket 35) but do not specifically address why this request is oppressive. Docket 55 at 2. Providing requested photographs to Johnson is not overly burdensome to defendants and they do not directly refute this request. Also, Johnson's requests for photographs are directly related to his complaint (ventilation/heat issues in the Barracks). *See* Docket 1 at 4. Johnson's motion to compel (Docket 52) is granted in part and denied in part.

Finally, Johnson moves for an "emergency preliminary injunction concerning motion to compel . . . ." Docket 63 at 1. Johnson asks that this court "act immediately on [his] motion to compel." Docket 64. Because this court has granted in part and denied in part his motion to compel, his motion for "immediate movement" on the motion to compel is denied as moot.

---

rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996); *see also* SDCL § 15-2-15.2. Johnson's complaint was filed on January 16, 2020, which makes records from January 16, 2017 until present relevant and within the statute of limitations.

**IV.     Johnson's Motion to Strike**

Johnson asks this court to strike affidavits filed by Brent Fluke and Rob Caruana. Docket 58. He claims their affidavits are fraudulent. *See* Docket 60. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). At this time, the affidavits of Brent Fluke and Rob Caruana do not appear to fall under a justification to strike. This court cannot comment on the merits of whether affidavits are true or not, but only if they are admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2) & (4). Johnson's motion to strike (Docket 58) is denied.

**V.      Johnson's Motion for an Extension**

Finally, Johnson asserts that his response in opposition to defendants' motion to dismiss was untimely because it was mailed back to him after he forgot to sign it. Docket 61. He asks that this court consider his response in opposition as being timely filed (Docket 50). Because this court denied defendants' motion to dismiss, Johnson's motion for an extension is denied as moot.

Thus, it is ORDERED:

1. That defendants' motion to dismiss (Docket 46) is denied.

2. That defendants' motion for a protective order (Docket 48) is denied.

3. That Johnson's motion to strike (Docket 58) is denied.

4. That Johnson's motions for an extension and for an "emergency preliminary injunction concerning motion to compel" (Dockets 61, 63) are denied as moot.

5. That Johnson's motion to compel (Docket 52) is denied in part and granted in part. Defendants must respond to the interrogatories in Dockets 36, 42, respond/produce photographic evidence requested in Docket 35, provide Johnson with records regarding inspections and the conclusions of said inspections by any parties of the Barracks facility regarding heat and ventilation from January 2017 until present, provide the name of the owner and company that constructed the Barracks, provide the name of the owner and company that installed the ventilation and heating units for the Barracks, and provide Johnson's personal medical records from January 2017 until present. All of the other requests not specifically granted in this order are denied.

Dated: June 30, 2021

                                    /s/ *Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE