UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRETT A. JOHNSON,<br><br>                Plaintiff,<br><br>    vs.<br><br>MIKE LEIDHOLT, Secretary of Corrections, in his official capacity, DARIN YOUNG, Chief Warden, SD Penitentiary System, in his official capacity, BRENT FLUKE, Warden, Mike Durfee State Prison, in his official capacity, and TAMMY DOYLE, Unit Manager, Barracks, in her official capacity,<br><br>                Defendants. | 4:20-CV-04012-KES<br><br>ORDER GRANTING MOTION TO DISMISS AS MOOT |

Plaintiff, Brett A. Johnson, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court held that defendants were entitled to summary judgment, in their individual capacities, based on qualified immunity. Docket 44. Johnson's Eighth Amendment claims against defendants in their official capacities for injunctive relief are still pending. *Id.* at 13. Defendants now move to dismiss the sole remaining claim for injunctive relief (the installation of air conditioning units in the Barracks Building at the Mike Durfee State Prison (MDSP)) as moot because Johnson has been transferred to another facility. Docket 69. Johnson opposes the motion and contends that

because he could be returned to MDSP at any time, his claim is not moot. Docket 71 at 2.

When Johnson filed his complaint, he was living at the Barracks at MDSP in Springfield, South Dakota. Docket 1 at 4. He alleged that "inadequate ventilation and lack of air conditioning combined with the humidity from the showers . . . led to dangerous heat indexes and unsafe living conditions." *Id.* Johnson notified the court by letter that his address changed as of July 2, 2021, to the Rapid City Community Work Center in Rapid City, South Dakota. Docket 66 at 1. No subsequent changes of address have been filed with the court.

The Eighth Circuit Court of Appeals has held that the transfer of an inmate from one facility to another facility renders an inmate's claims for declaratory and injunctive relief moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). A claim is moot even with the transfer is to another prison facility within the same state. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (Section 1983 claim moot after inmate transferred from one prison to another within the same state a few weeks prior to trial). Because Johnson has been transferred from MDSP in Springfield to the Rapid City Community Work Center in Rapid City, his case is now rendered moot.

Johnson contends that an exception to the mootness doctrine applies because his case falls within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. *See* Docket 71 at 2. For this doctrine to apply, the following two circumstances must be present: "(1) the challenged

2

action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Smith*, 190 F.3d at 855. But there is no indication in the record that Johnson is likely to be sent back to MDSP. He has been at the Rapid City Community Work Center for over 7 months. While this court might entertain jurisdiction over Johnson's claim if there was evidence of efforts on the part of defendants to evade the jurisdiction of the court by transferring prisoners, the record does not support such a finding in this case.

Thus, it is ORDERED:

1. That defendants' motion to dismiss as moot (Docket 69) is granted.

2. That Johnson's motion for a stay of discovery (Docket 75) is granted because the action has been dismissed.

Dated February 23, 2022.

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3